## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-4415-GW-KSx | Date | July 29, 2019 |
| Title | *Michael Waring v. Geodis Logistics LLC, et al.* | | |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | Katie E. Thibodeaux | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs: Justin Hanassab

Attorneys Present for Defendants: Ted A. Gehring

**PROCEEDINGS:** PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND TO REMAND ACTION TO STATE COURT [8]

Court hears oral argument. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. Plaintiff's Motion is DENIED.

: 07

Initials of Preparer JG

<u>*Waring v. Geodis Logistics LLC*</u>; Case No. 2:19-cv-04415-GW-(KSx)
Tentative Ruling on Motion for Leave to File Second Amended Complaint and Remand

## I. <u>Background</u>

### A. **Factual Background**

Michael Waring ("Plaintiff") filed this action against Geodis Logistics LLC ("Defendant") and Does 1 to 50 in the Superior Court for the County of Los Angeles on April 5, 2019. Plaintiff's Complaint asserts (1) disability discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) disability-based associational discrimination in violation of FEHA; (3) failure to prevent discrimination in violation of FEHA; (4) retaliation for taking California Family Rights Act ("CFRA") leave in violation of FEHA; (5) failure to provide reasonable accommodation in violation of FEHA; (6) failure to engage in the interactive process in violation of FEHA; (7) wrongful termination in violation of public policy; (8) intentional infliction of emotional distress ("IIED"); and (9) failure to pay wages due upon discharge in violation of the California Labor Code. *See generally* Complaint, Docket No. 1. This case arises out of Plaintiff's termination of employment after he took leave to care for himself and multiple family members after medical conditions arose. *See* Complaint ¶¶ 12-17.

#### *1. Parties*

Plaintiff is a resident − and, according to Defendant, a citizen − of California. *See id.* ¶ 1; Notice of Removal ¶ 7. Defendant is a limited liability company incorporated under, and with its principal place of business in, Tennessee. *See* Notice of Removal ¶ 8, Docket No. 1. Defendant's sole member is Ozburn-Hessey Holding Company, LLC, incorporated under Delaware and with its principal place of business in Tennessee, whose sole member is OHH Acquisition Corporation, which was incorporated under Delaware with its principal place of business in Tennessee. *See id.* Hal Stewart ("Stewart") was a supervisor, agent, and employee of Defendant and is a resident of California. *See* Complaint ¶ 5. The Court will further address the issue of Stewart's residency below. *See* note 3, *infra*.

#### *2. Allegations in Complaint*

Plaintiff has over twenty years of experience working in the supply chain and business operations industries. *See* Complaint ¶ 12. Defendant hired Plaintiff as a Senior Director of Operations on or around November 17, 2014. *See id.* Plaintiff received exceptional performance

1

reviews and high merit-based bonuses during his employment with Defendant. *See id.* ¶ 14.

From around July 2018 to December 2018, Plaintiff and his father, mother, mother-in-law, and daughter were diagnosed with a variety of medical conditions. *See id.* ¶¶ 15, 35. On or around December 13, 2018, Plaintiff was approved for leave under CFRA to care for himself and his parents. *See id.* On or around February 21, 2019, Plaintiff returned from his company-approved leave and attended a meeting with his supervisors the same day. *See id.* ¶ 16. Plaintiff was told his employment with Defendant was terminated effective immediately due to performance issues. *See id.* ¶¶ 16, 25. Minutes later, his supervisor Bob Balgemann told him, in private, "[Y]ou should not have gone on leave." *See id.* ¶ 16. According to Plaintiff, Defendant therefore terminated Plaintiff's employment because of his condition, because of his association with his family members given their conditions, and in retaliation for taking FMLA/CFRA leave. *See id.* ¶¶ 17, 36. Plaintiff had reported his condition to Defendant and was able to perform the essential duties of his job with or without reasonable accommodation. *See id.* ¶¶ 22-23.

### 3. Allegations in Proposed Second Amended Complaint

Plaintiff had already identified Stewart in his original Complaint as a supervisor, agent, and employee of Defendant, but did not name him as a defendant. *See* Complaint ¶ 5; caption. Spurring the instant motion, Plaintiff asserts that he recently learned of new facts leading to claims against Stewart. *See* Motion at 2. In September 2015, Plaintiff received several threatening Facebook messages from a former employee of Defendant. *See* [Proposed] Second Amended Complaint ("SAC") ¶ 15, Docket No. 11. Plaintiff received a death threat from the same former employee.[1] *See* SAC ¶ 17. He reported the threat to Stewart, who was the Human Resources Manager, and other supervisors. *See id.* ¶¶ 18, 28.

On or around October 18, 2018, Plaintiff discovered that his cell phone number was listed on the Internet as the primary contact phone number for job applicants to Defendant. *See id.* ¶ 21. Plaintiff told Stewart, who responded, "I am glad it shows we are getting traffic to our job postings . . . ." *See id.* ¶ 22. Plaintiff received upwards of 35-50 calls a day until it was taken down seven days later. *See id.* ¶ 23. In or around December 2018, Plaintiff's cell phone number was again listed on the Internet as the primary contact phone number for Defendant. *See id.* ¶ 27. It took 48

---

[1] In the proposed SAC, Plaintiff alleges that he received the threat on August 28, 2017. *See* SAC ¶ 17. The Court believes that the date is likely a typo and meant to be August 28, 2018. It is unclear how the error, if so, would make a difference in the outcome of this motion.

hours to remove. *See id.* According to Plaintiff, Stewart, along with others, intentionally published Plaintiff's phone number twice to harass Plaintiff and push him out of his employment. *See id.* ¶ 28.

### B. Procedural History

On May 21, 2019, Defendant removed the case to this Court, asserting subject matter jurisdiction based on complete diversity pursuant to 28 U.S.C. § 1332. Plaintiff now seeks to amend the First Amended Complaint ("FAC") to add Stewart as a defendant. *See* Memorandum of Points and Authorities in Support of Motion for Leave to File Second Amended Complaint and to Remand Action to State Court ("Motion") at 1, Docket No. 8. Stewart was the Human Resources Manager, and Plaintiff alleges that Stewart was individually responsible for publicly disclosing Plaintiff's cell phone number, exposing him to dozens of calls from prospective and former employees at a time when Stewart was aware Plaintiff had received a death threat from a former employee. *See id.* at 2, 5-6. Plaintiff also seeks to add a tenth cause of action for invasion of privacy and modify his existing eighth cause of action for IIED.[2] *See id.* at 1-2. Stewart, allegedly a citizen of California,[3] would destroy complete diversity. *See id.* at 2; Complaint ¶ 5. Thus, Plaintiff also moves to remand the case to state court due to a lack of diversity jurisdiction, pursuant to 28 U.S.C. § 1447(e).[4] *See generally* Motion. Plaintiff failed to file a proposed SAC with the Motion. Defendant opposed the Motion, in part noting that failure. *See generally*

---

[2] Plaintiff also modifies his existing fourth cause of action for retaliation, although not stated in the Motion.

[3] Plaintiff does not actually allege that Stewart is a citizen of California, merely that his residence is in California. *See* Motion at 2; Complaint ¶ 5; SAC ¶ 3. Citizenship, not residence, is the determining factor for diversity jurisdiction. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). However, from Plaintiff's Motion, he clearly believes that Stewart is a diversity-destroying California citizen. *See* Motion at 2, 12. Defendant has made no statement denying that Stewart is a citizen of California. The Court presumes Plaintiff would further amend, if given the opportunity, to make an allegation of Stewart's citizenship.

[4] As another basis for remand, Plaintiff argues that Defendant incorrectly attached Plaintiff's initial Complaint, and not the FAC, to the Notice of Removal, amounting to a procedural defect in removal. *See* Motion at 13. Plaintiff's counsel later admits that on July 1, 2019, counsel learned that the process server assigned to serve the FAC instead served the initial Complaint, meaning that Defendant was apparently never served with the FAC pre-removal. *See* Hanassab Declaration ¶ 6, Docket No. 11. Plaintiff therefore appears to have dropped this issue. Plaintiff additionally requests remand due to a further perceived defect in Defendant's removal procedure. However, Defendant's failure to properly file a civil cover sheet with the notice is a *de minimis* procedural defect that does not warrant remand. *See Pyro-Comm Sys. Inc. v. W. Coast Fire & Integration Inc.*, No. SACV 14-2028-JLS (RNBx), 2015 WL 12743687, at *2 (C.D. Cal. Mar. 11, 2015) (holding that failure to attach civil case cover sheet was a *de minimis* procedural defect that did not warrant remand); *Ackerberg v. Citicorp USA, Inc.*, 887 F.Supp.2d 934, 938 (N.D. Cal. 2012) (holding that defendant's failure to attach the summons, civil case cover sheet, and plaintiff's motion was a technical defect that did not strip the district court of jurisdiction). Given that the notice of removal was timely filed, the Court concludes that any technical error by Defendant in removal is insufficient for remand.

Defendant's Opposition ("Opposition"), Docket No. 10. Plaintiff replied and attached a proposed SAC at that time. *See generally* Plaintiff's Reply ("Reply"), Docket No. 11. The Court permitted an additional response from Defendant and continued the hearing date. *See* July 5, 2019 Civil Minutes, Docket No. 12. Defendant filed a supplemental opposition. *See* Defendant's Supplemental Opposition ("Supplemental Opposition"), Docket No. 14.

## II. **Legal Standard**

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Under the Federal Rules of Civil Procedure, "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15(a)'s policy of favoring amendment should be applied with "extreme liberality." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (citation omitted). However, some courts have concluded that "the logic and policy of Rule 15(a) do not apply" in the case of a potentially diversity-destroying amendment, and that analysis is instead performed solely under 28 U.S.C. § 1447(e). *See Bakshi v. Bayer Healthcare, LLC*, No. C07-00881 CW, 2007 WL 1232049, at *2 (N.D. Cal. Apr. 26, 2007); *see also Clinco v. Roberts*, 41 F.Supp.2d 1080, 1086-88 (C.D. Cal. 1999) (holding that amendment under Fed. R. Civ. P. 15(a) should not be permitted where to do so would destroy diversity after removal because it "would allow a plaintiff to improperly manipulate the forum of an action"); *Winner's Circle of Las Vegas, Inc. v. AMI Franchising, Inc.*, 916 F.Supp. 1024, 1026 (D. Nev. 1996) ("Rule 15(a) cannot be used to deprive the Court of jurisdiction over a removed action.").[5]

Courts within the Ninth Circuit have identified several factors for analysis under the Section 1447(e) standard which allows the Court more discretion than under Rule 15(a). *See Clinco*, 41 F.Supp.2d at 1082. Under that approach, the Court considers:

> (1) Whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder; (3) whether there has been unexplained delay in seeking the joinder; (4) whether the joinder is solely for the purpose of defeating federal jurisdiction; and (5) whether the claim against

---
[5] Unlike this case, *Clinco* and *Winner's Circle* both involved attempted amendments *prior to* the service of the defendant's responsive pleading, and thus the question of whether a plaintiff could amend "as a matter of course," as opposed to seeking leave to amend.

4

the new party seems valid.

*Id.* Prejudice to the plaintiff upon denial of joinder is also considered by some courts. *See Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000).

Leave to amend under Rule 15(a) involves consideration of factors including undue delay, bad faith, futility, and prejudice to the defendant. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman*, 371 U.S. at 182). Prejudice to the defendant carries the most weight. *See id.* at 1052; *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) (finding "the crucial factor is the resulting prejudice to the opposing party"). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (emphasis original).

If the Court permits joinder of a diversity-destroying defendant, the action must be remanded to state court. Thus, Section 1447(e) gives this Court only two options here – either deny Plaintiff's motion for leave to amend or permit the amendment adding Stewart and remand the action to state court. *See Stevens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 949 (9th Cir. 2004); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

### III. Analysis

#### A. Section 1447(e) Factors

##### 1. Necessary Party Under Rule 19

Federal Rule of Civil Procedure 19 provides that joinder is required for persons who, in their absence, a court "cannot accord complete relief among existing parties," or whose interests may not be adequately protected. Fed. R. Civ. P. 19. The standard for joinder under Section 1447(e) is less restrictive than the standard under Rule 19, and the standard is met when failure to join leads to "separate and redundant actions." *See Bakshi*, 2007 WL 1232049 at *3 (citing *IBC Aviation Serv., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F.Supp.2d 1008, 1011 (N.D. Cal. 2000)). Courts disallow the joinder of non-diverse defendants only tangentially related to causes of action. *IBC Aviation*, 125 F.Supp.2d at 1012.

Plaintiff alleges that Stewart was responsible for the disclosure of Plaintiff's phone number, which led to his "severe emotional distress." *See* Motion at 8; Reply at 9. Plaintiff argues that Stewart's actions and Defendant's actions arise from the same circumstances and that filing a

5

separate lawsuit against Stewart in state court would be redundant. *See* Motion at 8; Reply at 9. Plaintiff claims that Stewart's actions were an attempt to "push him out of his employment." *See* Motion at 6; SAC ¶ 28. Defendant argues that the claims against Stewart are unrelated to the claims against Defendant. *See* Opp'n at 17.

It is unlikely that requiring Plaintiff to sue Stewart in state court would not allow Plaintiff and Defendant to reach a complete and just resolution in federal court. While facts from Plaintiff's claims against Stewart and Defendant overlap to some degree, they are not the same issues.[6] In any event, the factors of the statute of limitations, delay, and motive provide the most persuasive arguments and may be enough to decide on whether to allow amendment. There may be some limited need to discuss the facts underlying Plaintiff's claims against Stewart in litigating Plaintiff's claims against Defendant, but the Court is not convinced it will lead to wholly or even mostly "redundant actions." Thus, the possibility of Stewart being a necessary party does not carry enough weight to favor amendment.

### 2. Statute of Limitations

Plaintiff admits that a separate suit against Stewart in state court would not be time-barred. *See* Motion at 9; Reply at 9-10. Therefore, this factor does not support amendment/joinder.

### 3. Undue Delay

Courts consider whether a pursuit of leave to amend was timely. *See Clinco*, 41 F.Supp.2d at 1082. Generally, courts consider the time between seeking leave to amend and the filing of the initial complaint and removal. *See Lara v. Bandit Indus., Inc.*, No. 2:12-cv-02459-MCE-AC, 2013 WL 1155523, at *3 (E.D. Cal. Mar. 19, 2013).

Plaintiff moved to amend around ten weeks after filing the initial Complaint, which is not an unreasonable length of time. *See id.* (finding that a delay of five months is not unreasonable). However, the timing of joining Stewart is suspect. Plaintiff argues that the delay in seeking to join Stewart is "not unreasonable" because the parties have not begun significant discovery or filed dispositive motions. *See* Motion at 9. Plaintiff mentioned Stewart in the original Complaint in addition to two other supervisors and employees of Defendant. *See* Complaint ¶¶ 3-5. Plaintiff's

---

[6] Both Plaintiff and Defendant have not analyzed in their briefings the proposed addition of Stewart to the existing fourth cause of action for retaliation for taking CFRA leave in violation of FEHA. If the Court could foresee that the claim would have a meaningful impact on the outcome of this motion, the Court would be inclined to allow the parties still further opportunity to address the issue. However, at present, the retaliation claim against Stewart has no impact on this ruling.

"good reason" for failing to name Stewart as a defendant is that *Plaintiff's counsel* was made aware of Stewart's actions in May 2019, after the filing of the initial Complaint. *See* Reply at 7-8. Plaintiff's explanation that *counsel* had only just learned about possible claims against Stewart, while possibly true, is unpersuasive as a good reason for why the claims against Stewart were not brought until after removal. Defendant should not have to bear the consequences of a jurisdictional tug-of-war simply because of a failure or delay of communication between Plaintiff and his counsel. Additionally, the unfavorable delay contributes to the motive factor, discussed below. This factor weighs against allowing amendment.

### 4. Motive

"A trial court should look with particular care at [a plaintiff's] motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Clinco*, 41 F.Supp.2d at 1083 (quoting *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980)). However, that a plaintiff seeks to add a non-diverse defendant post-removal does not guarantee improper motive. *See IBC Aviation*, 125 F.Supp.2d at 1012.

Plaintiff states that his motive is to seek just adjudication and that Stewart is properly joined.[7] *See* Motion at 10. Plaintiff filed his initial Complaint on April 5, 2019, Defendant removed the action on May 21, 2019, and Plaintiff moved to amend on June 13, 2019. *See id.* at 4. However, the incidents involving Stewart occurred in October 2018 and December 2018. *See* SAC ¶¶ 21-23, 27-28. For many of the same reasons related to undue delay, that Plaintiff knew about the facts leading to claims against Stewart, named Stewart under "Parties" but not as an actual defendant in the initial Complaint, but seeks to add Stewart only after removal when his presence would destroy diversity and require remand is questionable. If, as Plaintiff's Reply

---

[7] Plaintiff argues, "Improper motive cannot be implied simply because Plaintiff seeks to add a non-diverse defendant post removal . . . . Fraudulent joinder must be established by 'clear and convincing evidence.'" *See* Motion at 9-10 (citation omitted). This mention of fraudulent joinder led to heavy discussion in the Opposition, the Reply, and the Supplemental Opposition. However, the issue of fraudulent joinder is inapplicable in this post-removal circumstance, since fraudulent joinder is assessed at removal. *See McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) ("The defendant *seeking removal to the federal court* is entitled to present the facts showing the joinder to be fraudulent.") (emphasis added). Both cases cited by Plaintiff in the Motion − *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203 (9th Cir. 2007) and *Revay v. Home Depot U.S.A., Inc.*, No. 2:14-cv-03391-RSWL-AS, 2015 WL 1285287 (C.D. Cal. Mar. 19, 2015) − involve allegedly fraudulently-joined defendants who were joined before removal. *See* Motion at 9-10. Because fraudulent joinder is not at issue here, Defendant is not entitled to present facts outside the operative complaint that show that the joinder was fraudulent. However, Defendant also does not have to meet a "clear and convincing" standard, as Plaintiff argues in the Reply. *See* Reply at 7. Defendant realizes and acknowledges this error in footnote 5 of the Supplemental Opposition.

7

contends, Plaintiff "established the importance of Stewart to the action before removal by specifically including him as one of only three named witnesses in the FAC," Plaintiff could easily have included the details that were central to the claims that include Stewart at that time. *See* Reply at 7. Due to the perceived improper motive, this factor favors denying leave to amend.

### 5. *Validity of Claims*

Defendant argues that Plaintiff has not presented valid claims and can never establish valid claims against Stewart. *See generally* Supplemental Opposition. Defendant argues that Plaintiff's claims are based on speculation and that Plaintiff has failed to allege facts sufficient to support those claims.[8] *See id.* However, Plaintiff may have a valid claim for invasion of privacy, and Plaintiff may have a valid claim for IIED.

To establish a claim for invasion of privacy for public disclosure of private facts, Plaintiff must prove: (1) public disclosure (2) of a private fact (3) which would be offensive and objectionable to a reasonable person and (4) which is not of legitimate public concern. *Moreno v. Hanford Sentinel, Inc.*, 172 Cal. App. 4th 1125, 1129-30 (2009). Although public posting of a phone number is not a highly "substantial" invasion of privacy, it may still amount to one, nonetheless. *See Painting Indus. of Haw. Market Recovery Fund v. U.S. Dep't of Air Force*, 26 F.3d 1479, 1486 (9th Cir. 1994) ("The invasion of privacy that results from disclosure of one's home address is far more substantial than, say, the disclosure of one's phone number.") (Norris, J., concurring). Even if the present proposed claim was ultimately deemed deficient, the Court would allow Plaintiff further leave to amend to cure current deficiencies in the pleading − but the Court would lack jurisdiction to do so.

To establish a claim for IIED, Plaintiff must prove: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Christensen v. Superior Court*, 54 Cal. 3d 868, 903 (1991). Even if Plaintiff's claims are weak in the proposed SAC, Plaintiff's concerns about his privacy and safety due to the alleged threats he received over a span of a few years may be enough to support a claim for IIED and, again, any

---

[8] Defendant relies on information beyond Plaintiff's allegations, including that the phone was a work phone and not a private cell phone. *See* Opp'n at 12-14. This sort of information can be considered when analyzing fraudulent joinder, but as stated *supra* note 7 (and as Defendant concedes), the current motion does not concern the fraudulent joinder standard or analysis.

deficiencies could lead to amendment (a jurisdictional impossibility here). *See* SAC, ¶¶ 15, 17-19, 21; *Brock v. Concord Auto. Dealership LLC*, No. 14-cv-01889-HSG, 2015 WL 3466543, at *11 (N.D. Cal. June 1, 2015) (finding death threats against plaintiffs sufficiently outrageous to support a claim of IIED). This factor weighs in favor of amendment.

### 6. *Prejudice to Plaintiff If Leave to Amend Is Not Granted*

Defendant does not include prejudice to the Plaintiff in the Section 1447(e) analysis in the Opposition. Plaintiff cites *Yang v. Swissport USA, Inc.*, No. C 09-03823 SI, 2010 WL 2680800, at *5 (N.D. Cal. July 6, 2010), to state that the Court must consider significant prejudice to a plaintiff from denial of joinder. Requiring Plaintiff to either forgo the claims against Stewart or pursue them in a separate litigation in state court would not prejudice Plaintiff. Forgoing a federal forum against a non-diverse defendant is not a loss, since such a choice would not be available anyway. The only prejudice against Plaintiff is litigating two suits with some overlapping facts, but the incidents involving Plaintiff's phone numbers are not entangled enough with the existing claims to cause significant prejudice. *See id.* (finding significant prejudice where claims are "intimately connected"). Plaintiff could have asserted the new claims at the outset of the suit if they are intimately connected to the current claims. Thus, this factor weighs against allowing amendment.

### B. Rule 15(a) Factors

#### 1. *Undue Delay*

In addition to considering whether a motion was filed pursuant to a Rule 16 scheduling order, courts also ask "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). Under Rule 15(a), delay by itself is insufficient to justify denial of leave to amend. *Raifman v. Wachovia Sec., LLC*, No. C 11-02885 SBA, 2012 WL 1611030, at *4 (N.D. Cal. May 8, 2012). While Plaintiff's motion to amend was not filed long after the initial Complaint and removal, Plaintiff had known about the facts comprising the claims against Stewart since before filing suit. While this delay favors denial of amendment, the other factors must be considered alongside Plaintiff's delay.

#### 2. *Bad Faith (Motive)*

As discussed earlier, Plaintiff was aware of the facts surrounding the claims against Stewart at the time of the initial Complaint yet alleged them only after removal. Waiting to assert them at

9

that point implies a desire to forum shop and manipulate jurisdiction. Rule 15(a)'s "extreme liberality" standard is subject to a showing of bad faith, so in determining that Plaintiff's reason for the delay is improper, this factor weighs against allowing amendment. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (holding liberality in granting leave to amend subject to qualification that amendment is not sought in bad faith).

### 3. Futility

The test applied when considering the sufficiency of a pleading challenged under a Rule 12(b)(6) motion to dismiss is the proper test to apply when analyzing the sufficiency of a proposed amendment. *Raifman*, 2012 WL 1611030, at *2. Under Rule 12(b)(6), sufficient pleadings "state a claim to relief that is plausible on its face," and facial plausibility occurs when a plaintiff pleads facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 547 (2007). As discussed earlier under validity, Plaintiff's newly alleged claims are probably not futile, since his allegations contain enough to infer that Stewart contributed to the invasion of privacy and IIED claims (and would be allowed an opportunity for amendment in any event). Thus, this factor weighs in favor of amendment.

### 4. Prejudice to the Defendant

Defendant does not argue that amendment would result in prejudice to itself. The only prejudice that Defendant would experience is in choice of forum, but Defendant bears the burden of showing prejudice. *See DCD Programs, Ltd.*, 833 F.2d at 187 (citing *Beeck v. Aquaslide "N" Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977)). Prejudice is the "touchstone" inquiry under Rule 15(a), so lack of prejudice to Defendant leads to an inclination to allow amendment under Rule 15(a).

### C. Comparing Section 1447(e) and Rule 15(a) Factors

Amendment would likely be denied under Section 1447(e) and granted under Rule 15(a) due to the "extreme liberality" with which a court views motions to amend under the latter. *See Eminence Capital*, 316 F.3d at 1051. Courts within the Ninth Circuit have approached post-removal joinder of non-diverse defendants by analyzing under Section 1447(e) alone or by analyzing under both Section 1447(e) and Rule 15(a). *See Clinco*, 41 F.Supp.2d at 1082 (analyzing under both standards and ultimately applying Section 1447(e)); *Mendes v. Wright Medical Tech., Inc.*, CV 05-7805 FMC (CWx), 2006 WL 8434706, at *2 (C.D. Cal. July 21, 2006) (following

*Clinco* and analyzing under both standards); *IBC Aviation*, 125 F.Supp.2d at 1011 (finding that the factors for both standards overlap and thus applying the more thorough Section 1447(e) factors); *Raifman*, 2012 WL 1611030, at *1 (finding that a request for leave to amend allegations pled in original complaint is governed by Rule 15(a) while a request for leave to add a non-diverse defendant is governed by Section 1447(e)). In cases where Section 1447(e) analysis leads to denial of amendment and Rule 15(a) analysis leads to granting amendment, courts favor the narrower Section 1447(e) standard. *See Clinco*, 41 F.Supp.2d at 1086-88.

Here, both Plaintiff and Defendant focused their arguments on the Section 1447(e) factors and did not analyze the issue under Rule 15(a). Additionally, because Section 1447(e) is the more discretionary standard governing leave to amend when a party is seeking to add a non-diverse defendant, a more specific issue that is applicable here, the Court would apply the Section 1447(e) reasoning and deny leave to amend/join. "To apply the permissive standard of Rule 15(a) in this situation would allow a plaintiff to improperly manipulate the forum of an action, a result that is quite different from the policies of Rule 15(a) . . . ." *Clinco*, 41 F.Supp.2d at 1087.

Despite the possible validity of Plaintiff's claims, the factors of the statute of limitations having not run, undue delay, and improper motive weigh heavily against allowing amendment. The delay in adding Stewart as a defendant and alleging new facts against him *after* removal, when those facts were known to Plaintiff at the time he filed his initial Complaint, at the very least imply an attempt to manipulate jurisdiction.

### IV. Conclusion

For the foregoing reasons, the Court would **DENY** Plaintiff's Motion for Leave to File Second Amended Complaint and to Remand Action to State Court.